# In the United States Court of Federal Claims

No. 19-933C
Filed: August 6, 2019

|  |  |
|---|---|
| LAJUAN RUFFIN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

**OPINION AND ORDER**

***SMITH*, Senior Judge**

On June 27, 2019, plaintiff, Lajuan Ruffin, proceeding *pro se*, filed a complaint with this Court, seeking monetary damages and additional relief. *See* Complaint (hereinafter "Compl.") at 3. In the Complaint, plaintiff alleges that the City of Mobile, Alabama Police Department ("CMPD") violated his rights under Title VII of the Civil Rights Act of 1964 ("Title VII") when he was wrongfully terminated. *See* Compl. 1, 2. Upon *sua sponte* review, the Court dismisses plaintiff's Complaint pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

## I. Background

Plaintiff alleges that in January of 2018, a citizen filed a complaint for excessive use of force against plaintiff's white co-worker. *See* Compl. at 2. Plaintiff asserts that an internal investigation was conducted, which lead to plaintiff's termination. *Id.* Plaintiff claims that the citizen stated on multiple occasions throughout the investigation that "the black officer didn't do anything it was the white officer." *Id.* Additionally, plaintiff asserts that "his accusers" conceded that they did not have evidence against plaintiff for the allegations leading to his termination. *Id.* Mr. Ruffin's white co-worker, who committed the act, is still employed by the CMPD. *Id.* Plaintiff also indicated that the department terminated him in an act of retaliation due to a successful appeal against the department. *See id.* Plaintiff seeks an unspecified amount of monetary damages. *See* Compl. at 3.

## II. Standard of Review

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive

department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

In determining whether subject-matter jurisdiction exists, the Court will treat factual allegations in the complaint as true and will construe them in the light most favorable to plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Further, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a pro se plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III. Discussion

Plaintiff claims that his civil rights were violated under Title VII. *See* Compl. at 1. Additionally, plaintiff claims he was wrongfully terminated from his employment with the CMPD. *See id.* As stated above, this Court hears cases over claims against the United States that are founded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." Rules of the Court of Federal Claims ("RCFC") 12(h)(3). It is also well-settled that "[t]he Tucker Act mandates dismissal of all claims asserted against non-federal entities." *Powell v. United States*, 151 Fed. Appx. 938, 940 (Fed. Cir. 2005). The CMPD is not a federal entity, and therefore, plaintiff's allegations against the CMPD do not give rise to a claim over which the Court has subject-matter jurisdiction. Furthermore, Title VII provides sole jurisdiction to the United States district courts for appeals of final decisions of the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(f)(3). As this Court lacks jurisdiction over claims brought against non-federal entities and Title VII claims, plaintiff's case must be dismissed pursuant to RCFC 12(h)(3).

### IV. Conclusion

The Court hereby **DISMISSES** plaintiff's Complaint pursuant to RCFC 12(h)(3). The Clerk of Court is directed to enter judgment consistent with this Opinion.

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge